IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40970
Summary Calendar
_____


REGINALD JONES,

                                        Plaintiff-Appellant,

versus

K. V. PITTMAN; ET AL.,

                                        Defendants,

K. V. PITTMAN, Major; DAVID BONE, Captain;
CHARLES FRIZZELL, Classification Counselor;
THOMAS R. BUTLER, Classification Counselor;
J. KENT, Director of Health Services;
L. HEUSZEL, Assistant Warden; R. PUSTKA, Assistant Warden;
J. E. ALFORD, Senior Warden; K. RAMSEY, Regional Director,

                                        Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-149
- - - - - - - - - - -
May 16, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Reginald Jones, a Texas prisoner (# 781143), appeals the

district court's order granting summary judgment in favor of the

defendants and dismissing his 42 U.S.C. § 1983 civil rights

complaint.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jones has contended that the defendants, most of whom sat on the Eastham Unit Classification Committee ("UCC") that assigns inmates to prison jobs, were deliberately indifferent to his serious medical needs by requiring him to perform a hoe-squad job that, Jones alleged, his medical restrictions precluding him from performing. The defendants' summary-judgment evidence reflected that the UCC, in assigning an inmate to a job, was required to assess an inmate's abilities by relying on the prison medical staff's evaluation of his medical limitations. Even if it were assumed arquendo that Jones was unable to perform the assigned work, Jones has failed to show that the UCC officials, relying on both prison policies and Jones' existing medical records, knew that he faced a substantial risk of serious harm if he were assigned to the hoe-squad work. See Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994). He failed to establish that the named defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

To the extent that Jones alleged in his civil rights complaint that several supervisory defendants violated his due process rights by ignoring his grievances and appeals concerning the job assignment, Jones' failure to brief arguments against such defendants means that such arguments are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED.